TEXAS EMPLOYERS' INSURANCE ASSOCIATION, Appellant,

v.

Aaron Clifton JONES, Appellee.

No. 4035.

Court of Civil Appeals of Texas.

Waco.

Oct. 25, 1962.

Rehearing Denied Nov. 15, 1962.

Dawson & Dawson, Joe D. Meroney, Corsicana, for appellant.

Fulmer, Fairchild & Badders, Nacogdoches, for appellee.

McDONALD, Chief Justice.

This is an appeal from a judgment of total and permanent disability in a workmen's compensation case. Plaintiff was injured in the course of his employment when he fell from a derrick to the ground. He expended $190. for doctor's care and treatment. The issues as to extent and duration of plaintiff's disability were very close, and highly contested. The testimony of plaintiff, plaintiff's wife, and Dr. Mahon sustain the verdict, while Dr. Frieburg's testimony is in direct conflict therewith.

The 1st 8 points complain of improper argument of counsel for plaintiff. Plaintiff's counsel, in his rebuttal (and final) argument, said in part:

(1) "He (attorney for defendant) didn't like it when I referred to Dr. Frieburg's connection with the Insurance Company. Oh, it burnt him up and he became emotional in front of you 12 people because I did, I had such an audacity I had to do it. Can you imagine such a mean man as I am to bring it out. If I hadn't brought it out you would never have known it, would you? *I didn't enjoy it, but he is an old hand at the job, that Jew is.* He knew all about what was coming. He knew he had it coming too.'

" * * * he is the insurance, he is the swearing man. Sat over there ready and you saw that color of blue he had change its color to a different shade of blue when he tried to emphasize that good honest man here, innocent of everything he says is believable and dependable, and he was fudging. He was getting ready for court, he was pretending he couldn't stoop over when he could. He is just plain lying and a liar will steal, nobody likes a thief * * *."

"Is he a good doctor or is he looking for $250. an hour on the witness stand? And trying to keep his name on the payroll of these insurance companies that call him from time to time and send them there every day in groups * * *."

Objection was sustained to the argument contained in the 1st paragraph above, and the jury instructed not to consider same. Objection to argument in the 2nd and 3rd paragraphs above was overruled.

(2) Thereafter, plaintiff's counsel further argued to the jury:

"And that is when Frieburg no doubt told them, Brother, you've got a baby on your hands and it's a long time, you had better make up your mind now, because he is not going to get well * *. I can imagine Dr. Frieburg telling them it's a permanent thing now, 6 months is the deadline, he hasn't improved. You had better get ready, and they say, Okay, we will just fold up our fist and we will pay high doctors' bills and high lawyers by the groups and we will just hope we will get a jury down there that will swallow our story * * *."

Objection to the foregoing was overruled.

Counsel for plaintiff further argued to the jury:

(3) "I know now, especially you folks who have never done jury service before, appreciate why I so empha-

size you must follow what you know the evidence to be. *Especially since you have heard these distortions and misrepresentations of the evidence."*

"* * * I am saying it is an insult to your intelligence and to your veracity to try to make you believe things you have heard here when they have misquoted them."

"* * * I just wonder if he (counsel for defendant) could tell the truth if he tried to."

Objections to the 1st two items above were overruled; the Trial Court of its own motion instructed the jury not to consider the last item. Immediately following such instruction plaintiff's counsel said:

"Well I apologize and withdraw that, but he jumps up and makes a statement which I know is incorrect when I have a right to the floor. If he wants to do it that way, well, that's his line of practice. I don't care, I am going to do what I think is right."

The Trial Court instructed the jury to disregard the foregoing statement, whereupon plaintiff's counsel then said:

"He misrepresents every witness except Mrs. Jones and after having made such a miserable failure * * *."

The foregoing was objected to, but objection was overruled.

▮▮▮▮▮▮ a case is reversed because of argument of counsel, it must be improper and it must be such as to satisfy the reviewing court that it was calculated to and probably did cause the rendition of an improper judgment in the case. Whether the impropriety of the argument probably influenced the jury unfavorably to appellant is to be determined as a matter of our judgment in the light of the record as a whole. Aultman v. Dallas Ry. & Term. Co., 152 Tex. 509, 260 S.W.2d 596.

[2] ▮▮▮▮▮▮ to entitle one to a new trial because of improper argument, it must be shown that objection was made and overruled at the time the argument was made, and it is only when the probable harm or the resulting prejudice cannot be eliminated or cured by retraction or instruction that a new trial will be awarded in the absence of timely objections.

▮ The argument quoted above was improper. That denominated #1 was an appeal to racial and religious prejudice in language clear and strong. Moreover, it tied racial and religious prejudice in with the charge that Dr. Frieburg would falsify for money. "Cases ought to be tried in a court of justice upon the facts proved; and whether a party be Jew or gentile * * * is a matter of indifference." Moss v. Sanger, 75 Tex. 321, 12 S.W. 619, 620.

We think the nature of the argument so inflammatory and prejudicial that its harmfulness could not have been eliminated by retraction or instruction, or both; and that same was reasonably calculated to and probably did result in an improper verdict and judgment, and requires a reversal. Rule 434 Texas Rules of Civil Procedure. Texas Employers' Ins. Ass'n v. Haywood, 153 Tex. 242, 266 S.W.2d 856.

▮ The argument denominated #2 was calculated to get before the jury new and different evidence, albeit such was evidence of plaintiff's counsel's "fancy". Objection to such argument was overruled. We think the argument improper, and that the Trial Court should have sustained objection to same. Houseman v. DeCuir, 155 Tex. 127, 283 S.W.2d 732.

▮ The argument denominated #3 accused defendant's counsel of being untruthful, misrepresenting and distorting the evidence, and finally of being incapable of telling the truth. The matter is aggravated by counsel for plaintiff's repeated comments, after the Trial Court instructed the jury not to consider the offending argument.

From a review of the record as a whole, we think this argument inexcusable and completely unjustified. We think that the jury was probably influenced by this argument, and that by its very nature it was reasonably calculated to cause harm. Lawyers are officers of the court and proper and ethical conduct requires that there be limitations on the extent to which counsel may go in the injection of improper matters by argument. Texas Emp. Ins. Ass'n v. Haywood, 153 Tex. 242, 266 S.W.2d 856; Texas Emp. Ins. Ass'n v. Butler, n. r. e., Tex.Civ.App., 287 S.W.2d 198.

Further, we think the cumulative effect of the improper arguments deprived defendant of a fair and impartial trial, for which additional reason a reversal is required. Southern Pac. Co. v. Hubbard, 156 Tex. 525, 297 S.W.2d 120.

The judgment of the Trial Court is reversed, and the cause remanded.

Reversed and remanded.