Louis FOIX, Appellant,

v.

Enriqueta Bringas JORDAN, Appellee.

No. 5905.

Court of Civil Appeals of Texas.

El Paso.

Nov. 1, 1967.

Rehearing Denied Nov. 29, 1967.

---

Joseph J. Roybal, A. L. Carlton, El Paso, for appellant.

Galvan & Galvan, El Paso, for appellee.

## OPINION

CLAYTON, Justice.

This is a contest over the right to act as administrator of the estate of Adolfo Jordan, Sr., deceased.

Adolfo Jordan, widower whose wife died intestate in 1950, entered into a church wedding ceremony with Maria de Jesus Padilla in Chihuahua, Chih., Mexico, on September 10, 1950, and after a reception and brief honeymoon in Mexico, they came to El Paso, Texas, to reside, and also lived on a farm in El Paso County, Texas. They separated in July 1951 and Maria de Jesus Padilla returned to Mexico to live. During the time they were living in El Paso County, they lived together as husband and wife, and introduced each other as husband and wife. Adolfo Jordan, Sr., died in El Paso on November 21, 1960, intestate. However, Adolfo Jordan, Sr., entered into a marriage ceremony with Enriqueta Bringas, appellee, before a Justice of the Peace in Anapra, Dona Ana County, New Mexico, on April 8, 1951, while Maria de Jesus Padilla was still living and without any divorce. Maria de Jesus died on November 14, 1963.

Enriqueta Bringas Jordan filed her application to be appointed administratrix of the estate of Adolfo Jordan, Sr., deceased. The children of Adolfo Jordan, Sr., to-wit, Esther J. Cervantes, Josephine J. Garibay, Mary Louise Tirrell, joined by their respective husbands, and Adolfo Jordan, Jr., filed their respective waivers to be appointed administrator of the estate of Adolfo Jordan, Sr., in favor of appellant, Louis Foix, as also did Maria de Jesus Padilla. Enriqueta Bringas Jordan, appellee herein, claiming to be the widow of Adolfo Jordan, Sr., filed her application to be appointed administratrix, in which she was joined by Maggie J. Perez, another child of Adolfo Jordan, Sr., and both contested the appointment of Louis Foix, who filed his application to be appointed administrator. Louis Foix was appointed the Administrator of the Estate of Adolfo Jordan, Sr., by the Judge of the County Court at Law, and all other applications were denied. An appeal was taken to the District Court for a trial de novo and the case was docketed as In re: Adolfo Jordan, with Louis Foix designated as plaintiff and Enriqueta Jordan and Maggie

J. Perez as defendants, and was tried to a jury.

In answer to special issues the jury answered "No" to the first special issue, which was:

## "QUESTION NO. 1

"Do you find from a preponderance of the evidence, that the deceased, Adolfo Jordan, and one Maria de Jesus Padilla, after September 10, 1950, in El Paso County, Texas, agreed and consented the one with the other to become then and there, and from that time forward, husband and wife? Answer 'yes' or 'no'

"In connection with this issue, you are instructed that an agreement to become husband and wife, may be expressed or implied, and an implied agreement is one where the conduct of the parties with reference to the subject matter is such as to induce the belief in the minds of the contracting parties that they intend to do that which their acts indicate they have done."

The second special issue, as to the cohabitation of the parties in El Paso County, Texas, pursuant to such an agreement, being conditioned on an affirmative answer to Question No. 1, was unanswered. The third special issue, whether the parties held each other out to the public as husband and wife, went unanswered, being conditioned on an affirmative answer to Question No. 2. On this verdict the court overruled a motion of plaintiff for judgment n. o. v. and sustained a motion by defendants for judgment on the verdict and denied the application of Foix for appointment as administrator and appointed Enriqueta Jordan as administratrix of the deceased, as his surviving wife. This appeal resulted.

Appellant Foix presents a sole point of error, that "this case should be reversed and judgment rendered for the Plaintiff, because the Trial Court refused to grant the Plaintiff's Motion for Judgment Non Obstante Veredicto."

We feel that this motion should have been granted. Appellant stated in his motion:

"The Jury heard evidence that the parties entered into a valid contract in a ceremony on the 10th day of September, 1950. That no evidence to the contrary was heard by the jury. That the parties having entered into a valid contract on said date, every act of cohabitation and every act of holding each other out as their respective spouse in El Paso County, Texas, was a ratification and confirmation of said agreements between the parties on September 10, 1950.

"That in answering Question No. 1 in the negative, such answer was without support and contrary to the undisputed evidence, and so clearly against the overwhelming weight of credible testimony as to be manifestly wrong. And for that reason, said verdict of the Jury should be held for naught, set aside, and Judgment entered non obstante veredicto in favor of Plaintiff.

"The Defendant in this case submitted no evidence whatsoever by which the relationship of the parties was refuted in any manner whatsoever. That there was no evidence offered to refute the positive and credible testimony that all the elements of a common-law marriage were clearly established."

■ There is no contention by appellant that the church ceremony in Chihuahua, Chih., Mexico, between Maria de Jesus Padilla and Adolfo Jordan, Sr., on September 10, 1950 was, under Mexican law, a valid marriage ceremony. Mr. Arellano Gonzalez Vargas, a reputable Mexican attorney, testifying on behalf of appellee, stated that it was not valid and that valid marriages in Mexico can only be performed by an officer of the Civil Registry. But the same witness further testified that when a couple go before a priest and signify their consent and agreement to enter into a marriage, they would thereby perform an

agreement and *contract between themselves,* but outside the participation of the law, and which has no effect in the Mexican law. But such agreement is an essential factor in common-law marriages in Texas, and in this case the agreement between Maria de Jesus and Adolfo Jordan, Sr., was probably heard by a number of people at the ceremony and certainly by at least three witnesses, who testified at the trial. Furthermore, by way of confirmation and ratification of the agreement of the parties, several witnesses heard the parties introduce each other as husband and wife and described their living accommodations in more than one location as containing one bedroom with one bed. This, we believe, establishes all the elements of a common-law marriage in Texas. In De Shazo v. Christian, 191 S.W.2d 495, 496 (Tex.Civ.App., 1946; ref., n. r. e.), it is stated:

" * * * It has been steadfastly maintained by our courts, however, that in order to establish such a marriage there must be proof that the man and woman between whom the marriage is sought to be established entered into an *agreement between themselves,* either express or implied, to take each other for husband and wife during their natural lives, and the proof must further show that such agreement was followed by cohabitation and living together professedly as man and wife. The term 'professedly' means that there must be evidence that they held each other out to the public as their respective spouses. None of these three essentials standing alone, is sufficient to constitute a common-law marriage, but all three of them must appear and must be alleged and shown by the testimony in any case in which such a relationship is brought into question." (Citing cases.) (Emphasis supplied.)

■ There was no refutation of the above testimony, either by cross-examination or by other witnesses. The motion for judgment n. o. v. raises a "no evidence" point. On such a point the evidence must be examined in a light most favorable to its proponent, and every legitimate intendment favorable to the proponent must be indulged and all evidence adverse to him must be disregarded. In Bolin v. Pacific Finance Corporation, 278 S.W.2d 879, 884 (Tex.Civ. App., 1954; n. w. h.) it is held:

"We are aware of the rules of law giving a jury the right to pass on controverted issues and that a jury verdict is binding if there be any evidence of probative force to support it. However, such evidence must legally have some probative force. Mere detached statements of witnesses which alone have no probative force and which do no more than possibly furnish a basis for suspicion or speculative argument are not controlling as pitted against positive unimpeached testimony to the contrary that is without suspicion, given even by interested parties. Rule 301, Vernon's Texas Rules of Civil Procedure, authorizes the trial court to render judgment non obstante veredicto if a directed verdict would have been proper. The courts have repeatedly approved such provisions of this rule and have repeatedly held that such a judgment must stand if there be no evidence of probative force upon which the jury could have made the findings relied upon."

Also see Leggio v. Millers National Insurance Co., 398 S.W.2d 607, 610 (Tex.Civ. App., 1965; ref. n. r. e.) where it is recited:

"It is fundamental that a reviewing court, in passing upon a contention that there is no evidence to sustain a jury's finding, whether raised by a 'no evidence' point or by a motion for judgment notwithstanding the verdict or by a motion for instructed verdict, must view the evidence in a light most favorable to the appellant, indulging every legitimate conclusion favorable to him, and disregard all evidence adverse to the appellant. Fitz-Gerald v. Hull, 150 Tex. 39, 237 S.W.2d 256; Texas & P. Ry. Co. v. Hagenloh, 151 Tex. 191, 247 S.W.2d 236.";

Rule 301, Texas Rules of Civil Procedure.

As stated, we are of the opinion that the motion for judgment n. o. v. should have been granted. The court recited in his judgment that Enriqueta Jordan was appointed Executrix of the Estate of Adolfo Jordan, Sr., "as his surviving wife." But under the view we take of this record, this could not be so. She entered into the marriage ceremony while Maria de Jesus Padilla—the common-law wife—was still living and undivorced from Adolfo Jordan, Sr. and thus such attempted marriage of Enriqueta and Adolfo was void, and Maria de Jesus was still his lawful wife and, later, his surviving widow; and as such should have been granted the preferential right to have been appointed administratrix. Her waiver of this right in favor of Louis Foix should have been honored.

We accordingly reverse the judgment of the trial court and render judgment appointing Louis Foix as Administrator of the Estate of Adolfo Jordan, Sr., in accordance with his application.

Reversed and rendered.