John E. HOLDER, Appellant,

v.

CENTRAL FREIGHT LINES, INC., Appellee.

No. 4690.

Court of Civil Appeals of Texas.

Waco.

May 2, 1968.

Rehearing Denied June 6, 1968.

Dunnam, Dunnam & Dunnam, L. Wayne Scott, Waco, for appellant.

Jackson, Walker, Winstead, Cantwell & Miller, Jack Pew, Jr., Dallas, for appellee.

## OPINION

TIREY, Justice.

This is a negligence case. John E. Holder brought the action against Central Freight Lines, Inc., to recover damages resulting to his Volkswagen and personal injuries to himself because of the collision he had with a truck belonging to Central Freight Lines, Inc. The Zurich Insurance Company filed its plea of intervention for money it paid to Holder. The jury found that the operator of the truck failed to yield the right-of-way to Holder's vehicle; that such failure was negligence and a proximate cause of the collision; that the reasonable market value of the Volkswagen prior to the collision was $1200.00, and that after the collision it was worth $50.00; that the amounts of money that would reasonably compensate Holder for his injuries, taking into consideration the following elements of damage, and none other, are:

(1) Physical and mental pain and suffering up to date of trial, $1000.00;

(2) Physical and mental pain and suffering in the future beyond the date of trial, unanswered;

(3) The reasonable expense that Holder incurred for doctor and hospital services, $2505.00;

(4) The reasonable cash value of lost earnings from the date of the collision down to the date of trial, $5000.00;

(5) Reasonable present cash value of the diminished capacity of Holder to labor and earn money in the future which he will in reasonable probability suffer in the future beyond the date of trial, unanswered;

(9) "Do you find from a preponderance of the evidence that on the date, and immediately before the collision in question, the failure of John E. Holder to turn his car to the left, was negligence? Answer 'Yes' or 'No'." To which the jury answered "No."

(11) "Do you find from a preponderance of the evidence that on the date of and at the time and place of the collision, John E. Holder was driving his automobile at a faster rate of speed than an ordinary prudent person would have driven it under the same or similar circumstances? Answer 'Yes' or 'No'." To which the jury answered "No."

(13) "Do you find from a preponderance of the evidence that John E. Holder, on the date of and at the time and place of the collision in question failed to keep a proper lookout? Answer: 'He failed' or 'He did not fail.'" To which the jury answered: "He failed."

(14) "Do you find from a preponderance of the evidence that the failure of John E. Holder to keep a proper lookout, if you have found he failed to do so, was a proximate cause of the collision in question? Answer 'Yes' or 'No'." To which the jury answered: "Yes."

The jury further found that Holder did not fail immediately before the collision to make proper application of the brakes on his car. The court entered judgment on the verdict that Holder and the Zurich Insurance Company, intervenor, take nothing and discharged the Central Freight Lines with its costs. Thereafter, the court overruled plaintiff's motion for new trial and he has perfected his appeal.

The judgment is assailed on 18 points. Plaintiff has briefed errors 5, 6, 7, 8, 9, 11, 12, 13, 14 and 15 under one argument.

(5) is to the effect that after plaintiff's ex-wife had testified she could smell beer on plaintiff's breath prior to his leaving home counsel for defendant said: "Of course, that was nothing new, was it, at your home?"

(6) in asking the question of plaintiff: "Have you ever been in the armed forces?"

(7) Because defense counsel stated in the presence and hearing of the jury that the purpose of inquiring as to Mr. Holder's army record was: "I thought the jury would like to know something about this man who claims to have been in good health before this accident."

(8) complains of the question of defendant's counsel in asking the question of plaintiff's ex-wife: "Mrs. Holder, before you were divorced, you never could get his drinking problem stopped, could you?"

(9) in asking the question: "As a matter of fact, that had been a subject of discussion in your home for some years, hadn't it?"

(11) in permitting defendant to prove that plaintiff's ex-wife had custody of his three children.

(12) of the action of the trial court in stating in the presence and hearing of the jury, referring to evidence that plaintiff was divorced: "I'll let that testimony in, because that was his testimony," agreeing with defendant's counsel that plaintiff had previously proven plaintiff was married at the time of the trial, thereby implying that plaintiff's counsel had knowingly presented false testimony that plaintiff was married at the time of the trial, when in truth and in fact, plaintiff's counsel had merely proved that plaintiff was married several months earlier when plaintiff's deposition had been taken.

(13) is to the same effect.

(14) in permitting defendant's counsel to state in the presence and hearing of the jury: "We submit that if he can't be truthful at home, he can't be truthful anywhere else."

(15) of the action of the trial court in failing to specifically instruct the jury as requested by plaintiff's counsel that the jury should not consider defense counsel's unsworn statement.

The record discloses that the court sustained plaintiff's objections to the errors complained of in 5, 6, 7, 8, 9 and 14.

With reference to error 15, the court sustained plaintiff's objection in this manner:

"Ladies and Gentlemen, when you were empaneled yesterday morning as a jury panel, I explained to you that the statements of lawyers were not admissible as evidence and were not to be considered as evidence unless they took the witness stand and took the oath and were sworn as witnesses. Now, that same rule is still in effect. Whatever the lawyers say from the table there is not evidence and is not to be considered as such by the jury. All right, go ahead."

■ The foregoing errors have given us much concern and we have made a careful review of the testimony, and particularly the testimony of plaintiff and his ex-wife. We think the assignments pointed out in errors 5, 8, 9 and 14 were very prejudicial, and they were such that the errors could not be cured by an instruction of the trial court. Going back to the testimony of Mrs. Holder, his former wife, her testimony is to the effect that when he came home on the afternoon of the accident somewhere around 7:30 or 8 o'clock, she could smell beer on his breath, and she said her husband told her that he had had a couple of beers. She watched him when he got out of the car and watched him drive off and that he was not intoxicated, and she did not see him again until after

the accident. She at no place testified that they had had a drinking problem in their home, or that the matter of his drinking had been a subject of discussion between them, and that when she saw him at the hospital after the accident he was under the effect of narcotics and was extremely ill and in a critical condition; that when he left the house the afternoon before the accident his driving was normal and that he acted normally. She said that she saw him at the hospital around 11 o'clock, and that he was in horrible pain; that she observed him in the days thereafter and that he was suffering from pain. There is nothing in the record that justified defendant's counsel in asking the questions set out in the bills we have referred to and, as we have said, we think they were very prejudicial to the plaintiff's cause, because the plaintiff had testified that when he first saw the tractor-truck it was across the highway, and that the highway was completely blocked by the big tractor-truck. It is obvious that if the jury believed that plaintiff was an excessive drinker and was under the influence of intoxicants at the time of and immediately before the accident, that it would affect his ability to keep a proper lookout, and the jury did find that plaintiff did fail to keep a proper lookout, and that such failure was a proximate cause of the accident. We think the jury's verdict, which we have set out, showed that the errors complained of, no doubt, prejudiced the jury. In Clegg v. Gulf, C. & S. F. Ry. Co., 104 Tex. 280, 137 S.W. 109, point (2), page 111, our Supreme Court made the following statement of the rule:

"If it should appear that during a trial questions were propounded to witnesses apparently to establish things that did not exist, and to which it was known the witnesses could not testify, or apparently to prove such things in a mode in which they could not be proved, with a view to make a false impression on the jury, then such conduct would be reprehensi-

ble, and in such case, if looking to the entire record there was reason to believe the jury had been influenced by such course, this would furnish ground for reversal."

We think the foregoing rule is peculiarly applicable to the situation before us when we consider the record as a whole under all the surrounding facts and circumstances. See also Larnce v. Mass. Bonding & Ins. Company, 121 S.W.2d 392, points 5 and 6, and cases there cited. Scott v. McLennan County, Tex.Civ.App., 306 S.W.2d 943 (n. r. e.) point 1.

Going back to error No. 14, we find no basis in the record whatsoever for appellee's counsel stating in the presence and hearing of the jury: "We submit that if he can't be truthful at home, he can't be truthful anywhere else." See Tex. Employers' Ins. Ass'n. v. Haywood, Sp.Ct., 153 Tex. 242, 266 S.W.2d 856; Aultman v. Dallas Ry. & Terminal, Sp.Ct., 152 Tex. 509, 260 S.W.2d 596, and Texas Employers' Ins. Ass'n. v. Jones, CCA (n. r. e.) Tex. Civ.App., 361 S.W.2d 725.

■ As we have previously indicated, we need not decide whether any one of the foregoing statements here pointed out alone was so prejudicial as to require a reversal but, on the other hand, we must consider the cumulative effect of all statements. That rule was announced in Smerke v. Office Equipment Company, 138 Tex. 236, 158 S.W.2d 302 (Sp.Ct.); Southwestern Greyhound Lines v. Dickson, 149 Tex. 599, 236 S.W.2d 115; United States Fidelity & Guaranty Company v. Lewis, Tex.Civ.App., 266 S.W.2d 194 (ref., n. r. e.).

We are of the view that the instructions given by the trial court did not cure errors here pointed out and that they were incapable of being cured under all the foregoing facts and surrounding circumstances, and we think the plaintiff has been denied a fair trial. See Southern Pacific Company v. Hubbard, 156 Tex. 525, 297 S.W.2d 120, (Sp.Ct.).

Being of the foregoing view, we think this cause should be reversed and remanded, and it is so ordered.

We have considered each of the other assignments of error of appellant, and each is overruled.

Reversed and remanded.