**SHOPPERS WORLD and Horace Lytle, d/b/a Shoppers World Grocery, Appellants,**

v.

**Timoteo VILLARREAL et ux., Appellees.**

**No. 894.**

Court of Civil Appeals of Texas, Corpus Christi.

Jan. 30, 1975.

Rehearing Denied Feb. 13, 1975.

Ronald B. Brin, Allison, Maddin, White & Brin, Corpus Christi, for appellants.

J. Robert McKissick, Edwards & De Anda, Corpus Christi, for appellees.

## OPINION

YOUNG, Justice.

This is a personal injury case that was tried on the theory of products liability.

On July 18, 1970, Sovedia Villarreal was shopping in Shoppers World Grocery Store. She removed a plastic bottle of liquid soap from a display shelf and placed it in her shopping cart. She then proceeded a short distance to another display of goods. As she attempted to push her cart away from the second display, her feet slipped from under her and she fell to the floor. She experienced pain and was removed to the hospital. After undergoing subsequent unsuccessful therapy, she underwent back surgery. Consequently, she and her husband, Timoteo Villarreal, sued Shoppers World, Inc., a corporation, and Horace Lytle, doing business as Shoppers World Grocery. During the trial the corporation was non-suited.

The parties stipulated that there was a slit-type opening in the bottle and that it was in the bottle prior to the time that Mrs. Villarreal removed the bottle from the shelf. It was further stipulated that Mrs. Villarreal slipped on soap which leaked from the bottle. There was no stipulation regarding the length of time that the bottle was on the shelf or how long the slit had been in the bottle.

The case was tried before a jury which answered the special issues favorably to the plaintiffs. Based upon the verdict the trial court entered judgment in favor of the Villarreals for $23,800.00 against the remaining defendant, who appeals.

At the outset, we note that the appellant's attack on the judgment is primarily founded upon the failure of appellees to prove certain elements of their case about liability. The evidence on the issue of liability is meager compared to that on damages.

Restatement of the Law, Torts (2d) § 402A sets out the necessary elements for appellees' cause of action in strict liability. McKisson v. Sales Affiliates, Inc., 416 S. W.2d 787 (Tex.Sup.1967); Gravis v. Parke-Davis & Co., 502 S.W.2d 863 (Tex. Civ.App.—Corpus Christi 1973, writ ref'd n. r. e.). The appellees recovered against

appellant on two grounds: first, the defect of the slit-type opening in the bottle of liquid soap; second, appellant's failure to warn shoppers of the leaking condition of the soap bottle.

By his first point of error, appellant complains of the trial court's refusal to grant its motion for instructed verdict. Appellant's motion was dictated into the record and states the following grounds for a directed verdict:

1. There is no evidence of any negligence or proximate cause on the part of the defendant (appellant).

2. The case does not sound in products liability and is not a strict liability case.

3. There is no evidence that the bottle of soap in question was received by defendant (appellant) in the condition in which Mrs. Villarreal found it.

4. There is no evidence that the defendant or any of its employees had knowledge of the condition of the bottle as plaintiff found it.

5. There is no evidence that the bottle was unmolested or the condition of it changed by persons other than plaintiff or defendant.

6. There is no evidence that plaintiff did not contribute to the defective condition.

7. There is no evidence that persons other than defendant or his employees caused the defect after the bottles were received by the defendant.

■ Appellant (contrary to the contention in appellant's first point of error) did not complain in its motion for directed verdict of the absence of evidence showing that the bottle of soap was expected to and did reach Mrs. Villarreal in substantially the same condition in which it was sold. Thus, such issue is not before this Court on the issue of the trial court's refusal to grant appellant's motion for directed verdict. Arnold v. Tarrant Beverage Co., 215

S.W.2d 894 (Tex.Civ.App.—Galveston 1948, writ ref'd n. r. e.); Texas Rules of Civil Procedure, rule 268 (1967); Dickerson, Appeal and Error—Practice and Procedure—Trial Practice, 35 Texas L.Rev. 846, 848 (1957). We must, therefore, consider the propriety of the trial court's action only in light of the grounds above.

■■ The first ground could not have been properly upheld by the trial court because there was no pleading of negligence by appellees; the second ground is too general and should not be considered by this Court. Tex.R.Civ.P. 268.

■ Grounds 3, 5, 6 and 7 all deal with those who caused the defect or when the defect arose. These contentions of the appellant are not well founded. The crucial time when appellees must establish that a defect existed is that moment when the bottle of soap was removed from the display shelf by Mrs. Villarreal. We feel that this is the meaning of § 402A(1)b which states that a seller is liable if the defective product "is expected to and does reach the user or consumer without substantial change in the condition in which it was sold". The solution to this problem turns on the meaning of the term "sold". It has now been recognized that neither a change in possession nor an actual sale is required. Darryl v. Ford Motor Company, 440 S.W.2d 630 (Tex.Sup.1969); Davis v. Gibson Products Company, 505 S.W.2d 682 (Tex.Civ.App.—San Antonio 1973, writ ref'd n. r. e.).

No Texas case has expressly held that the term "sold" is equivalent to "the time when the party seeking to hold a seller liable picks up an item for handling or purchase". We feel, however, that *Davis,* at page 690, does give rise to such an interpretation of the term "sold". Further, this interpretation of "sold" is compatible with Restatement § 402A, supra, as demonstrated by that portion of Comment (c) which follows:

" . . . the justification for the strict liability has been said to be . . . that the public has the right to and does expect, in the case of products which it needs and for which it is forced to rely upon the seller, that reputable sellers will stand behind their goods; . . and that the consumer of such products is entitled to the maximum of protection at the hands of someone, and the proper person to afford it are those who market the products."

The reason that there is need for such a construction of the term "sold" is because there is no true sale, as in our case, where a customer is shopping at a self service store. A customer in that instance is free to examine products and then return them to the display shelf. If this interpretation is correct, the key issue then is whether the defect existed at the time appellant removed the bottle from the display. In its motion for directed verdict, appellant did not address any of its complaints to the absence of proof of a defect existing at the time Mrs. Villarreal removed the bottle of soap from the display. Thus, grounds 3, 5, 6 and 7 could not have been properly upheld by the trial court.

■ Ground 4 of appellant's motion for directed verdict is well founded. An essential element of appellees' cause of action based upon appellant's failure to warn of the defect is the existence of knowledge, actual or constructive, on the part of appellant that the bottle was defective. Ford Motor Company v. Russell & Smith Ford Company, 474 S.W.2d 549 (Tex.Civ.App. —Houston (14th Dist.) 1971, no writ); Restatement § 402A, supra, Comments (h) and (j); Restatement of Law, 2d Ed., Torts § 388. Technical Chemical Company v. Jacobs, 480 S.W.2d 602 (Tex.Sup.1972) cited by appellee, does not hold to the contrary. The evidence shows that appellant was aware that soap on the floor would be very slippery. Further, appellant testified that some soap might leak from a cut in such a bottle. It was not appellant's inten-

tion to have soap on the floor. In reviewing the refusal of a trial court to grant a motion for a directed verdict, the appellate court must disregard all evidence adverse to the non-moving party and give credit to all evidence favorable to said non-moving party. The appellate court should indulge every legitimate inference favorable to the non-movant. Hardware Mutual Casualty Company v. Brown, 390 S.W.2d 53 (Tex.Civ.App.—San Antonio 1965, writ ref'd n. r. e.); Leach v. Leach, 208 S.W.2d 618 (Tex.Civ.App.—Galveston 1948, writ ref'd n. r. e.).

The evidence wholly fails to yield any inference that appellant knew or should have known of the leaking condition of the bottle. Thus, the trial court erred in refusing to grant appellant's motion for directed verdict on the issue of liability for failure to warn; provided appellant has not waived his motion. It has been held that where a defendant moves for a directed verdict at the close of plaintiff's evidence and such motion is overruled by the trial court, the defendant, by proceeding with his evidence, waives his motion. Texas Construction Rentals, Inc. v. Harrison, 410 S.W.2d 482 (Tex.Civ.App.—Waco 1966, writ ref'd n. r. e.); Robb v. Gilmore, 302 S.W.2d 739 (Tex.Civ.App.—Fort Worth 1957, writ ref'd n. r. e.). Such was done here. Appellant's first point is overruled.

By its second point, appellant complains of the trial court's refusal to grant its motion for judgment notwithstanding the verdict. Appellant alleges that there was no evidence that the bottle of liquid soap was expected to and did reach Mrs. Villarreal in substantially the same condition in which it was sold. Appellee further alleges that there was no evidence that appellant knew of or had a reasonable opportunity to discover the existence of the slit-type opening in the bottle of soap.

In reviewing the propriety of the trial court's refusal to grant appellant's motion for judgment n. o. v., this Court must consider all testimony in the light most favorable to the party against whom the motion for judgment notwithstanding the verdict is sought. This Court must draw every reasonable intendment deducible from the evidence in favor of the non-moving party. Douglass v. Panama, Inc., 504 S.W.2d 776 (Tex.Sup.1974); Leyva v. Pacheco, 163 Tex. 638, 358 S.W.2d 547 (1962); Foix v. Jordan, 421 S.W.2d 481 (Tex.Civ.App.—El Paso 1967, writ ref'd n. r. e.).

As we previously explained in the discussion of "sold" in appellant's first point, the time when appellees must establish the existence of the slit in the bottle is that moment when Mrs. Villarreal picked it up. The parties stipulated that the slit-type opening was in the bottle prior to the time Mrs. Villarreal picked it up. The stipulation, therefore, established that the bottle reached her in substantially the same condition in which it was sold.

Appellant's second point also attacks the trial court's refusal to grant its motion for judgment n. o. v. because there was no evidence to support a finding that appellant knew or had an opportunity to know of the slit in the bottle. As we stated in the discussion of appellant's first point, evidence of such knowledge, actual or constructive, is essential to appellees' cause of action based on the failure of appellant to warn appellees of the slit in the bottle. As we there pointed out, there is no evidence which would support a finding of knowledge on the part of appellant. Appellant's second point is overruled as to condition when sold, but sustained as to discovery of the opening.

By his third point appellant complains that special issue 1 of the court's charge should not have been submitted to the jury for the following reasons:

1. No evidence that the alleged defect was inherent in the product;

2. No evidence that appellant had an opportunity to know of the alleged defect;

3. No evidence that appellant had an opportunity to inspect the product after the defect come into existence and before it came into the possession of appellee.

That question asks of the jury whether the container of liquid soap, by virtue of its leaking condition, was unfit for its intended use at the time Mrs. Villarreal put it in her shopping cart. The jury is not asked there to find that the bottle of soap contained an inherent defect. Nor does § 402A, supra, require that the defect be inherent in the product as a prerequisite to liability. Appellant's inherent defect contention is, therefore, not tenable.

■ The presence or absence of evidence that appellant knew of the defect or had an opportunity to inspect the product after it came into existence is material only on the issue of duty to warn and not on the issue of whether the bottle of soap was unfit for its intended purpose by reason of its leaking condition. Appellant's third point is overruled.

■ Appellant's fourth point complains of the trial court's submission of special issue 2. That question inquires of the jury whether the leaking condition of the bottle of soap was a producing cause of the accident. The appellant argues that the submission of that question was improper because there was no evidence that:

1. The alleged defect was inherent in the product;

2. Appellant knew of the alleged defect;

3. Appellant had an opportunity to know of the alleged defect;

4. Appellant had an opportunity to inspect the product after the defect came into existence.

The absence of evidence on the above factors is totally immaterial to the question submitted to the jury as special issue 2. Appellant's fourth point is overruled.

■ By his fifth and sixth points appellant attacks the submission of special issues 3 and 4 of the court's charge. The questions complained of inquire of the jury whether the failure of appellant to give any warning concerning the condition of the container of liquid soap created an unreasonable risk of harm to shoppers in the store and, if so, was such failure a producing cause of the occurrence. Appellant argues that:

1. There is no evidence that the defect was inherent in the product;

2. There is no evidence that appellant knew of the alleged defect;

3. There is no evidence that appellant had an opportunity to know of the alleged defect.

Absent evidence that appellant had knowledge, actual or constructive, of the defect, there was no duty placed upon appellant to warn of the defect. (See our discussion of appellant's first point). For the reasons set out in that discussion, special issues 3 and 4 should not have been submitted to the jury. Grounds 2 and 3 above are well founded. Appellant's fifth and sixth points are sustained.

By his seventh point appellant challenges the trial court's overruling of appellant's objection to the court's charge on the ground that the court failed to inquire of the jury as to whether the product in question was expected to and did reach the appellee without substantial change in the condition in which it was sold.

■ Because we have construed "sold" to mean the time when a shopper in a self service store picks up an item from the seller's display, then the time when the bottle of soap was "sold" and the time when it reached Mrs. Villarreal were the same.

No substantial change could possibly have resulted in the condition of the product after it was "sold" and before it "reached" Mrs. Villarreal. The inquiry the appellant contends should have been submitted to the jury is just not a controlling issue on liability in this case as required by Tex.R. Civ.P. 279 (1967) to be submitted by the trial judge. Appellant's seventh point is overruled.

■ Next, we will consider appellant's tenth point wherein he complains of the trial court's submission of special issue 1 because that issue inquired only as to the existence of a defect unreasonably dangerous to the consumer at the time Mrs. Villarreal placed the bottle in question in her shopping cart. Appellant argues that there is no evidence that there was no substantial change in the product between the time she took the bottle into possession and the time she placed the bottle into her shopping cart.

It appears from appellant's argument under this point of error that appellant is asserting that there is no evidence that the bottle of soap was not mishandled by Mrs. Villarreal after she removed it from the display shelf, and that the appellees had the burden of proof to show no mishandling. We do not hold that the appellees had that burden of proof. Nevertheless, they have discharged that burden.

The testimony of Mrs. Villarreal on her handling of the bottle after she removed it from the shelf is as follows:

"Q Did you put the SweetHeart liquid dish-washing soap—did you pick it up and put it anywhere?

A Yes, sir.

Q Where did you put it?

A I just took it, the bottle of liquid, and just *throw* it in the basket.

Q And what did you do after that?

A I keep on going." (Emphasis supplied.)

Appellant Lytle said that the plastic bottle in this case was designed so that it could be dropped or thrown around without damage and it is customary for shoppers to place items in their shopping carts. Lytle admitted that some soap might leak from a slit in the bottle.

From this we can see that the appellees did not present any direct evidence of "no mishandling". But Mrs. Villarreal did say all of what she did to and with the bottle: picked it up and threw it in the basket of the shopping cart. The only reasonable inference from this is that she did not mishandle the bottle. Appellant's tenth point is overruled.

■ Appellant complains in his eighth point of the trial court's refusal to grant appellant's motion for mistrial after counsel for appellee "injected liability insurance into the case on his voir dire examination". The complained of remark is as follows:

"Okay. Is there anybody here that has ever been employed in any business that had to do with claims adjusting? For example, there are several claims adjusting services here in Corpus that in case of claims like this they will do investigations and take statements from people and make reports to people and this sort of thing. Is there anybody who has ever been employed as a claims adjuster, along that line, or any kind of business along that line?"

Due to the rambling nature of the statement and the phrase "in case of claims like this", we feel that it may have been the intent of counsel for appellee to inject liability insurance into the case. The greater weight of authority, if this is true, is that the appellant must show that the error is reasonably calculated to cause a miscarriage of justice and must further show that the error probably did cause rendition of an improper judgment. Dennis v. Hulse, 362 S.W.2d 308 (Tex.Sup.1962); Brockett v. Tice, 445 S.W.2d 20 (Tex.Civ. App.—Houston (1st Dist.) 1969, writ

ref'd n. r. e.); Kingham Messenger & Delivery Service, Inc., v. Daniels, 435 S.W.2d 270 (Tex.Civ.App.—Houston (14th Dist.) 1968, no writ); South Austin Drive-In Theatre v. Thomison, 421 S.W.2d 933 (Tex.Civ.App.—Austin 1967, writ ref'd n. r. e.); Tex.R.Civ.P. 434. Contra, see A. J. Miller Trucking Company v. Wood, 474 S. W.2d 763 (Tex.Civ.App.—Tyler 1971, writ ref'd n. r. e.) which holds that an examination of the jury panel which injects liability insurance into the case is reversible error. That case notes that it is impossible to determine what harm or injury may result from such an examination.

In the present case, appellant has not argued that it was harmed by the voir dire comment by opposing counsel. The appellant's first bill of exception does not state the alleged harm suffered by appellant. Further, there is no allegation of harm contained in appellant's motion for new trial. Appellant's eighth point is overruled.

 Appellant argues in his ninth point that counsel for appellees was guilty of improper jury argument and that such error was cumulative and constituted incurable error.

Before a judgment is reversed because of argument of counsel, the argument must be improper, and it must be such as to satisfy the reviewing court that it was reasonably calculated to cause and probably did cause the rendition of an improper judgment. Aultman v. Dallas Railway & Terminal Co., 152 Tex. 509, 260 S.W.2d 596 (1953). Following the rationale of the Supreme Court in Aultman, we do not believe, in light of the entire record, that there is more reason than not to believe that the jury's verdict for the appellees was caused by the argument that appellant's counsel had argued a "bag of tricks". The error of improper argument was cured by the trial court's instruction to the jury to disregard the improper argument.

The argument complained of by appellant is not comparable to that which was held to be reversible error in Texas Em-

ployers' Insurance Association v. Jones, 361 S.W.2d 725 (Tex.Civ.App.—Waco 1962, writ ref'd n. r. e.), cited by the appellant. Appellant's ninth point is overruled.

Even though we have sustained some of appellant's points regarding sufficiency of evidence and submission of special issues 3 and 4 on warning, we have upheld the sufficiency of evidence and submission of special issues 1 and 2. These issues, pertaining to liability, which we have upheld are sufficient to support the judgment entered by the trial court.

The judgment of the trial court is affirmed.