**Marcos SALAZAR and Emma Salazar Individually and As Next of Friend of Marcos Salazar, Jr., As a Minor Child, Appellants,**

v.

**WOLO MANUFACTURING GROUP, Appellee.**

No. 14–97–00158–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Dec. 3, 1998.

Neil M. Leibman, Lana R. Dieringer, Bradford Neal Oesch, Houston, for appellant.

Danny Van Winkle, Mark Allen, Houston, for appellee.

Before Justices YATES, AMIDEI, and FOWLER.

## OPINION

WANDA MCKEE FOWLER, Justice.

In this strict products liability case, appellants, Marcos and Emma Salazar, individually, and as next of friend of Marcos Salazar, Jr., sue Wolo Manufacturing, the manufacturer of "The Club," for injuries Emma and her three year old son sustained when they were hit in a parking lot by a car. They alleged their injuries were caused when a "Club," placed under a car front seat, slipped out from under the seat, lodged behind the brake, and allegedly prevented the driver from stopping. The Salazars maintained that "The Club" was defectively designed and marketed, both of which were a producing cause of their injuries. The trial court granted a motion for summary judgment in favor of appellee, Wolo. The Salazars appeal on four points of error. We reverse the trial court judgment.

## THE CONTROVERSY

On December 18, 1994, the Salazars were standing behind their pickup truck in a restaurant parking lot when a car struck them. At the time of the accident, Leticia Martinez, the fourteen year old driver of the car, was receiving driving lessons from her uncle. The Salazars contend their injuries resulted because Martinez lost control of the car when an anti-theft device known as "The Club" slid from beneath Martinez's seat and lodged itself between the floorboard and the brake pedal, allegedly preventing Martinez from applying the brakes. "The Club" attaches to the steering wheel of a car when the car is not in use.

The Salazars sued Martinez, Vasquez, and Wolo, the manufacturers and designers of "The Club", to recover for their injuries. According to the Salazars, Wolo's product contained a marketing defect and was defectively designed. Allegedly, "The Club" was defectively marked because it did not come with any warnings instructing consumers on how to store "The Club" when it was not in use. The Salazars contend "The Club" was defectively designed because when Wolo made the product, a safer alternative design existed. Had this design been used, it could

have prevented this accident. In addition to the marketing and design defects, the Salazars contend Wolo was negligent for failing to warn consumers not to store "The Club" under the driver's seat.

Wolo filed a motion for summary judgment. The trial court originally denied this motion, but after Wolo filed a motion for reconsideration, the trial court granted it. A short time later, the trial court severed the cause against Wolo, making the judgment final.

## STANDARD OF REVIEW

A defendant prevails on a motion for summary judgment if it can establish with competent proof that as a matter of law, there is no genuine issue of fact as to one or more of the essential elements of the plaintiff's cause of action. *See Gibbs v. General Motors Corp.,* 450 S.W.2d 827, 828 (Tex.1970). If the defendant bases its motion for summary judgment on an affirmative defense, it must prove all the elements of such a defense as a matter of law. *See Montgomery v. Kennedy,* 669 S.W.2d 309, 310–11 (Tex.1984). Once the movant establishes a right to summary judgment, the non-movant must expressly present any reasons avoiding the movant's entitlement, and must support the response with summary judgment proof to establish a fact issue. *See Westland Oil Dev. Corp. v. Gulf Oil Corp.,* 637 S.W.2d 903, 907 (Tex.1982); *Cummings v. HCA Health Servs. of Texas,* 799 S.W.2d 403, 405 (Tex.App.—Houston [14th Dist.] 1990, no writ).

The standards an appellate court employs to review summary judgment proof are as follows:

1. The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.

2. In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true.

3. Every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor.

*Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548–49 (Tex.1985); *see Karl v. Oaks Minor Emergency Clinic,* 826 S.W.2d 791, 794 (Tex.App.—Houston [14th Dist.] 1992, writ denied).

## DISCUSSION AND HOLDINGS

■ In their third point of error, the Salazars contend the trial court erred in granting Wolo's motion for summary judgment because the question of foreseeable use is a fact question which must be determined by the jury. In its motion for summary judgment, Wolo maintained that the Salazars could not maintain a strict products liability claim because "The Club" was not being used for the purpose for which it was manufactured.[1] In support of this contention, Wolo refers us to the Restatement of Torts § 402 A(1) and case law which say that the Restatement imposes liability for products sold " 'in a defective condition *unreasonably* dangerous to the user or consumer.' " *Caterpillar, Inc. v. Shears,* 911 S.W.2d 379, 382 (Tex.1995).

According to Wolo, ". . . for liability to attach under 402A of the Restatement, the product must be in a defective condition which renders its *use* unreasonably dangerous." Wolo also stated in its motion for summary judgment, "Plaintiffs seek to require WOLO to warn of possible consequences which may arise, not from regular or even improper use, but from scenarios completely unrelated to use of the product such as storage."

Wolo has not cited us a single case holding that § 402A does not apply when the product is not being used and/or is only being stored. For that matter, the Salazars have not cited us a case holding that § 402A does cover the storage of a product. Nonetheless, our reading of the case law leads us to conclude that § 402A has been applied even when the product was not being used. For example, a court has held that § 402A applied to a case

in which an electrician repairing a fuse on a transformer was fatally electrocuted. *See Pearson v. Hevi–Duty Elec.,* 618 S.W.2d 784, 787–89 (Tex.App.—Houston [1st Dist.] 1981, writ ref'd n.r.e.). The fuse was not being used for the purpose for which it was designed, it was simply being repaired. *See id.* Another court applied § 402A when a shopper slipped on liquid leaking from a bottle of liquid soap she put in her shopping cart. *See Shoppers World v. Villarreal,* 518 S.W.2d 913, 916–17 (Tex.Civ.App.—Corpus Christi 1975, writ ref'd n.r.e.). The bottle apparently had a small slit in it that allowed the liquid to leak onto the floor. *See id.* at 916. Here again, the soap was not being "used." Nonetheless, § 402A was applied. *See id.* at 917.

■ Our reading of these and other cases is that the use or non-use of the product is not the real issue. Instead of looking only at whether the product was being used or not being used, the cases appear to look at whether the product was unreasonably dangerous as designed or marketed, *see USX Corp. v. Salinas,* 818 S.W.2d 473, 487 (Tex. App.—San Antonio 1991, writ denied), and whether the use was intended or foreseeable. *See Pearson,* 618 S.W.2d at 787–88. In fact, on appeal, these are the exact issues Wolo and the Salazars argue. On appeal, Wolo argued that as a matter of law, the Club was not unreasonably dangerous. On appeal, the Salazars argued that a fact question existed about whether storage of the Club under a car seat was a foreseeable use.

In short, based on the case law we could find, we are unwilling to say as a matter of law, that the Salazars cannot maintain a § 402A cause of action for a design defect and marketing defect simply because the Club was not on the steering wheel when the injury occurred. Thus, for the reasons we have stated, we sustain the Salazars' third point of error and reverse and remand the

1. On appeal, Wolo has added an argument which we find to be qualitatively different from the argument made in the motion. On appeal, Wolo argues that, as a matter of law, a Club is not an unreasonably dangerous product and Wolo had no duty to warn. We cannot consider these arguments because they were not presented in the motion below. Although Wolo mentioned in the motion below that the product had to be unreasonably dangerous before Wolo could be held liable for failure to warn, this argument was not the focus of the motion. Instead, the only ground raised was that the product was not being used. *See McConnell v. Southside Indep. Sch. Dist.,* 858 S.W.2d 337, 339–41 (Tex.1993). Wolo's no duty argument also was not a focus of the motion below and therefore cannot be a basis for the judgment. *See id.*

case to the trial court for further proceedings. Since our ruling on the third point of error is dispositive, we do not address the Salazars' other three points of error.

The case is reversed and remanded for further proceedings.